IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC S. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:21-CV-0104-DGK |
| ) | |
| DARRYL FORTE, in his official capacity ) | |
| as Jackson County Sheriff, and ) | |
| ) | |
| BRIDGETTE SHAFFER, in her official ) | |
| Capacity as Jackson County Health Director, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO REMAND

Plaintiff pro se Eric Clark is suing the Jackson County, Missouri, Health Director and the Jackson County, Missouri, Sheriff for issuing and enforcing a public health order requiring a face mask or covering be worn in public places where "social distancing" is not possible. He seeks a declaration that the statute authorizing issuance of a public health order, Mo. Rev. Stat. § 192.300, is unconstitutional, as well as a permanent injunction[1] prohibiting Defendants from enforcing the public health order against him.

Now before the Court is Plaintiff's motion for remand. ECF No. 3.

A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). The statute outlining the procedure for removal states that a notice of removal "shall be filed within 30 days after the receipt by the defendant" of service. 28 U.S.C. § 1446(b)(1). Plaintiff argues the Notice of

---

[1] The Petition filed in state court also requested a temporary restraining order and a preliminary injunction, but the Circuit Court of Jackson County, Missouri, denied these requests. *See* Case No. 2016-CV16623, Orders dated October 21, 2020, and December 11, 2020.

Removal was not timely filed because Defendants were served almost six months prior to their filing the notice.

After reviewing the record, the Court observes that prior to removal, the state court ruled on February 2, 2021, that Defendant Forte had not been properly served until January 25, 2021. Therefore, the notice of removal Defendants filed on February 22, 2021, was timely. The motion to remand is DENIED.

Plaintiff's alternative request that the Court certify an interlocutory appeal of this order (apparently under 28 U.S.C. § 1292(b)), is DENIED because Plaintiff has not met his "heavy burden" of demonstrating that this case is an exceptional one that justifies immediate appeal. *See White v. Nix*, 43 F.3d 374, 376-77 (8th Cir. 1994).

**IT IS SO ORDERED.**

Date: August 18, 2021    /s/ Greg Kays
                        GREG KAYS, JUDGE
                        UNITED STATES DISTRICT COURT