IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC S. CLARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DARRYL FORTE, in his official capacity ) <br> as Jackson County Sheriff, and ) <br> ) <br> BRIDGETTE SHAFFER, in her official ) <br> Capacity as Jackson County Health Director, ) <br> ) <br> Defendants. ) | Case No.: 4:21-CV-0104-DGK |

## ORDER DISMISSING CASE AS MOOT

Plaintiff pro se Eric Clark is suing the Jackson County, Missouri, Health Director and the Jackson County, Missouri, Sheriff for issuing and enforcing a public health order requiring a face mask or covering be worn in public places where "social distancing" is not possible. He seeks a declaration that the statute authorizing issuance of a public health order, Mo. Rev. Stat. § 192.300, is unconstitutional, as well as a permanent injunction[1] prohibiting Defendants from enforcing the public health order against him.

Now before the Court is Defendant Bridgette Shaffer's ("Shaffer") Motion to Dismiss. ECF No. 16. In her reply suggestions, ECF No. 34, Shaffer notes that since she filed the motion to dismiss, the Jackson County Health Department has issued an amended order ("the Amended Order") effective April 30, 2021, ECF No. 27-1, which no longer requires masks in outdoor spaces. Thus, Shaffer suggests Plaintiff's lawsuit is now moot.

---

[1] The Petition filed in state court also requested a temporary restraining order and a preliminary injunction, but the Circuit Court of Jackson County, Missouri, denied these requests. *See* Case No. 2016-CV16623, Orders dated October 21, 2020, and December 11, 2020.

Plaintiff responds by moving to strike this argument.  ECF No. 31.  Plaintiff argues the Court should:  (1) strike the argument because it is raised for the first time in a reply brief; (2) not consider the argument because the case was not timely removed from state court; (3) find the case is not moot because an exception to the mootness doctrine applies here; and (4) find the case is not moot because his request for a declaration that § 192.300 is unconstitutional is still live.  ECF Nos. 31, 35.

"A case becomes moot, and is therefore no longer a case or controversy, 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Mootness is jurisdictional and, therefore, courts "are constrained from addressing any issues presented by moot cases." *State of S.D. v. Hazen*, 914 F.2d 147, 149 (8th Cir. 1990).  During the litigation, a claim may become moot when changed circumstances provide the requested relief and eliminate the need for court action.  *Prowse*, 984 F.3d at 702 (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).  Here, the Amended Order provides Plaintiff with the relief sought and eliminates the need for court action; thus the case is moot.

Plaintiff's four arguments to the contrary are unavailing.  First, although Shaffer raised the mootness argument for the first time in a reply brief, she could not have raised it earlier since the Amended Order had not been issued when she first filed the motion to dismiss.  Moreover, as a practical matter, it makes no difference when Shaffer raised the issue because the Court would be obliged to raise the issue sue sponte once it learned that the Jackson County Health Department had issued the Amended Order.  There is no unfair prejudice to Plaintiff in

2
Case 4:21-cv-00104-DGK   Document 38   Filed 08/18/21   Page 2 of 4

considering the argument because Plaintiff has responded to it multiple times, so his position has been fully heard.

Second, as discussed in a separate order, this case was timely removed from state court, so the Court had subject matter jurisdiction over this case until the Amended Order mooted it.

Third, the exception to the mootness doctrine invoked by Plaintiff does not apply here. The exception cited by Plaintiff applies where (1) the challenged action is too short in its duration to be fully litigated prior to cessation or expiration, and (2) there is a "reasonable expectation" or a "demonstrated probability" that the same plaintiff will be subject to the same action again. *FEC v. Wis. Right to Life*, 551 U.S. 449, 462-63 (2007).[2] Plaintiff argues the order could be reimposed again because of a resurgence of the virus which causes COVID-19, or the emergence of a virus variant. While such a scenario is possible, it is too speculative to qualify as a demonstrated probability. *Cf. Staco Elec. Constr. Co. v. City of Kan. City*, 2021 WL 918764, at *6-7 (W.D. Mo. March 10, 2021).

Fourth and finally, without a concrete dispute over a specific government action—in this case, Jackson County's outdoor mask restriction—the Court cannot continue to hear this lawsuit. Federal courts adjudicate specific disputes, not hypothetical legal questions. *See Flast v. Cohen*, 392 U.S. 83, 96-97 (1942) (noting the rule against federal courts issuing advisory opinions is rooted in implicit policies embodied in Article III). Now that there is no outdoor mask restriction for which Plaintiff can be punished for violating, there is no concrete dispute between adverse parties which will provide the necessary clash of conflicting interests for our legal system to work.

---

[2] A more applicable exception is one where the defendant voluntarily ceases a challenged action through a statutory change but retains the power to reenact the practice through legislation after the lawsuit is dismissed. *Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013). But this exception is even more difficult to prove. *Id*. (agreeing with the Fourth Circuit that "statutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.")

The motion to dismiss is GRANTED. This case is dismissed without prejudice in its entirety.

**IT IS SO ORDERED.**

Date:  August 18, 2021              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT